**IN THE COURT OF APPEALS OF IOWA**

No. 15-0910
Filed September 10, 2015

**IN THE INTEREST OF K.S.,**
    **Minor Child,**

**A.S., Mother,**
    Appellant.

_____

Appeal from the Iowa District Court for Polk County, Louise Jacobs, District Associate Judge.

The mother appeals the termination of her parental rights. **AFFIRMED.**

Susan Stockdale, Windsor Heights, for appellant-mother.

Thomas J. Miller, Attorney General, Kathryn S. Miller-Todd and Kathryn K. Lang, Assistant Attorneys General, John P. Sarcone, County Attorney, and Stephanie Brown, Assistant County Attorney, for appellee.

Donald Williams, Des Moines, for father.

Kayla Stratton of Juvenile Public Defender Office, Des Moines, attorney and guardian ad litem for minor child.

Considered by Doyle, P.J., and Mullins and Bower, JJ.

**BOWER, J.**

A mother appeals the termination of her parental rights to a child.[1]  She claims the State failed to prove the statutory grounds for termination by clear and convincing evidence.  We find the State has presented clear and convincing evidence K.S. could not be returned to the mother's care at the time of the termination hearing.  We affirm the juvenile court order.

I.      **BACKGROUND FACTS AND PROCEEDINGS**

The child, K.S., was born in 2006.  K.S. first came to the attention of the Department of Human Services (DHS) in 2011 due to the mother's issues with substance abuse.  K.S. was adjudicated a child in need of assistance (CINA) and removed from the mother's care.  Subsequently, K.S. was allowed to return to the mother's care and the case was closed.  The present case was initiated in 2013 due to reports the mother had relapsed and was again using illegal substances.  K.S. was removed from the mother's care on August 5, and adjudicated a CINA on September 17, 2013, pursuant to Iowa Code sections 232.2(6)(b), (c)(2), and (n) (2013).  The court found K.S. could not be returned to the mother's home due to her continued use of illegal substances.

A permanency hearing was held on August 5, 2014.  The court found the mother had attended inpatient substance abuse treatment (from August 21, 2013 through July 8, 2014), but did not allow K.S. to return to her care and reasoned:

> [The mother] has a lengthy history of substance abuse and it is unclear whether she will be able to maintain any sobriety.  She also does not have the stability or home to which the children may be

_____

[1] The father consented to the termination of his parental rights and does not appeal.

returned. Also, the children continue to address the issues that are presented because of what they were exposed to while in the care of their mother. The children's guardian ad litems take the position that the mother has yet to demonstrate she has taken accountability for the negative impact of her poor decision-making on the children. It is reported that the younger child demonstrates sexualized behavior and the older child is parentified in his behavior.

The court also found the State had made reasonable efforts to eliminate or prevent the need for removal of the children from the home. The court ordered K.S. could return to the mother's care within six months if she adhered to the following:

Insight and accountability as discussed on the record; stability and a home for the children; maintain sobriety; parental nurturing support for the children by attending and/or provide support for their activities; and encouragement and support for their reading and school readiness; and development and practice of appropriate parental structure. [The mother] shall not engage her children in adult decisions and shall not engage in behavior and/or communication with them that places them in the position of being "secret keepers."

The court ordered the State to look for a pre-adoptive home if the mother "did not do well."

The court held a permanency review hearing on November 11, 2014. The court found the mother had not maintained contact with K.S. "as frequently as the opportunity for such allowed." She missed visitations and did not fully participate in drug screens with the DHS. The court set a termination hearing for January 14, 2015.

After the termination hearing, the court entered an order terminating the mother's parental rights to K.S. pursuant to Iowa Code sections 232.116(1)(f) and (g). The mother now appeals from the juvenile court's order.

## II.   STANDARD OF REVIEW

Our review of termination decisions is de novo. *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). We give weight to the juvenile court's findings, especially assessing witness credibility, although we are not bound by them. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). An order terminating parental rights will be upheld if there is clear and convincing evidence of grounds for termination under section 232.116. *Id.* Evidence is "clear and convincing" when there are no serious or substantial doubts as to the correctness of the conclusions of law drawn from the evidence. *Id.*

## III.   DISCUSSION

Iowa Code chapter 232 termination of parental rights follows a three-step analysis. *P.L.*, 778 N.W.2d at 39. The court must first determine whether a ground for termination under section 232.116(1) has been established. *Id.* If a ground for termination has been established, the court must apply the best-interest framework set out in section 232.116(2) to decide if the grounds for termination should result in termination of parental rights. *Id.* Finally, if the statutory best-interest framework supports termination of parental rights, the court must consider if any of the statutory exceptions set out in section 232.116(3) weigh against the termination of parental rights. *Id.* Since the mother has only challenged the first-step (grounds for termination) we will limit our review solely to an analysis of the first step.

When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the order on any ground we find supported by

the record. *D.W.*, 791 N.W.2d at 707. To terminate parental rights under section 232.116(1)(f), the State must show the child is four years of age or older, has been adjudicated a CINA, has been removed from the home for a requisite period of time, and the juvenile court could not return the child to the parent's custody at the present time pursuant to section 232.102. Iowa Code § 232.116(1)(f). K.S. is of the requisite age, has been adjudicated CINA, and has been removed from the mother's home for at least twelve of the last eighteen months. At issue is whether the State presented clear and convincing evidence K.S. could not be returned to the mother's care pursuant to section 232.102. Iowa Code § 232.116(1)(f)(4).

At the termination hearing, the juvenile court found the mother had not remedied the circumstances that caused the initial removal of K.S., and therefore found K.S. could not be returned to the mother's care. We agree. The record shows the mother made some small strides towards reunification by securing housing and seeking employment. However, we note that the mother has had several past founded child abuse reports, has had her parental rights terminated with a prior child due to substance abuse, has received several opportunities to maintain sobriety but has failed each time, has exposed the child to domestic violence, has exposed the child to a sex offender and the child is now showing signs of sexualized behavior. Based upon this evidence, the State proved by clear and convincing evidence the children could not be returned to the mother at the time of the termination hearing. The juvenile court highlighted the evidence in the record supporting termination:

At the time of the termination hearing, [the mother] had obtained an apartment, having moved into the apartment shortly before the termination hearing began. She did not always show clear thinking about getting a stable home for her children. At one time she reported to the FSRP worker that she would find a three-bedroom home and *then* start looking for jobs. She was unsuccessful in getting such a home, as would be logical, because she only has disability income in the amount of approximately $500 a month (which apparently is to rise to about $700).

Despite [the mother]'s history of years of services, significant concerns remain about her sobriety, her being able to establish and maintain sobriety, her insight into how her decision-making affects her children, her ability to incorporate the lessons being taught into her parenting, and whether or not she could protect [K.S.] from exposure to inappropriate people including her own father.

Despite [the mother] having received years of service, it is more apparent that additional time for her to participate in services is not likely to result in [K.S.] being able to return to her care. At the permanency hearing she had already given an additional six months. And, she had CINA cases open in the past.

We find the State presented clear and convincing evidence K.S. could not be returned to his mother's care at the time of the termination hearing and affirm the juvenile court's order.

**AFFIRMED.**